IN THE INTEREST OF N.T.H.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-283-CV

IN THE INTEREST OF 

N.T.H. 

------------

FROM THE 324
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a restricted appeal from a default judgment establishing the parent-child relationship.  
See
 
Tex. R. App. P.
 30.  After appellant filed his notice of appeal, the court master that tried the case notified this court by letter that janitorial staff had removed a box containing the audiocassette recording of the paternity proceeding and had presumably thrown it in the trash.  Accordingly, appellant requested a new trial due to the missing reporter’s record.  
See
 
Tex. R. App. P.
 34.6(f).  We abated the case and remanded it to the trial court for findings under rule 34.6(f).  
Id
.  The case has been reinstated, and we now consider whether appellant is entitled to a new trial.  

Rule 34.6(f) provides that an appellant is entitled to a new trial in the following circumstances:

(1) if the appellant has timely requested a reporter’s record;

(2) if, without the appellant’s fault, a significant exhibit or a significant portion of the court reporter’s notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible;

(3) if the lost, destroyed, or inaudible portion of the reporter’s record, or the lost or destroyed exhibit, is necessary to the appeal’s resolution; and

(4) if the lost, destroyed or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit.

Id.

Having previously determined that the first three requirements of rule 34.6(f) have been satisfied, and having received a supplemental reporter’s record of the abatement proceeding in which the trial court found that the parties could not agree on a replacement record, we hold that appellant is entitled to a new trial.  
See id
.  Accordingly, we reverse the judgment of the trial court and remand the case for a new trial.
(footnote: 2)  

PER CURIAM

PANEL M: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DELIVERED:  JUNE 5, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Because this portion of appellant’s first issue is dispositive, we do not address the remainder of his first issue or his second issue.  
See
 
Tex. R. App. P.
 47.1.